# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH WHITE,<br><br>            Petitioner,<br><br>    v.<br><br>DEBRA DEXTER, et al.,<br><br>            Respondents. | 1:07-CV-01257 LJO SMS HC<br><br>FINDINGS AND RECOMMENDATION |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On April 1, 2008, Petitioner filed a motion requesting discovery pursuant to Rule 6(a) of the Rules Governing Section 2254 Cases. In his eighth claim for relief, Petitioner alleges the use of his 1987 prior conviction violated the terms of his plea agreement. He claims he would never have pleaded guilty if he had known the conviction could be used later to enhance his sentence beyond a maximum of 5 years. In support of this claim, Petitioner requests discovery of the transcripts of the 1987 plea agreement.

    Discovery is available pursuant to Rule 6; however, it is only granted at the Court's discretion and upon a showing of good cause. Bracy v. Gramley, 520 U.S. 899 (1997); McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002,

1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254. In this case, Petitioner has not shown good cause for discovery of the transcripts because the claim itself is without merit.

Petitioner, having served the term imposed for his 1987 conviction, now contends his 1987 plea agreement was violated. In <u>Lackawanna County District Attorney v. Edward R. Coss, Jr.</u>, 532 U.S. 394 (2001), the United States Supreme Court addressed issues whether: (1) 28 U.S.C. § 2254 provides a remedy when a current sentence was enhanced based on an allegedly unconstitutional prior conviction for which the sentence has expired; and (2) the extent to which the prior expired conviction may be challenged in attack on the current sentence which it was used to enhance. Pointing to its prior decision <u>Daniels v. United States</u>, 532 U.S. 374 (2001), addressing a motion under 28 U.S.C. § 2255, the United States Supreme Court explained:

> We held there [<u>Daniels</u>] that "[i]f . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant may not collaterally attack his prior conviction through a motion under § 2255." We now extend this holding to cover § 2254 petitions directed at enhanced state sentences.
>
> We grounded our holding in <u>Daniels</u> on considerations relating to the need for finality of convictions and ease of administration. Those concerns are equally present in the § 2254 context. The first and most compelling interest is in the finality of convictions. Once a judgment of conviction is entered in state court, it is subject to review in multiple forums. . . .
>
> As we said in <u>Daniels</u>, "[t]hese vehicles for review . . . are not available indefinitely and without limitation." [Citation.] A defendant may choose not to seek review of his conviction within the prescribed time. Or he may seek review and not prevail, either because he did not comply with procedural rules or because he failed to prove a constitutional violation. [Citation.] In each of these situations, the defendant's conviction becomes final and the State that secured the conviction obtains a strong interest in preserving the integrity of the judgment. Other jurisdictions acquire an interest as well, as they may then use that conviction for their own recidivist sentencing purposes, relying on "the 'presumption of regularity' that attaches to final judgments." [Citation.] . . .

<u>Lackawanna</u>, 532 U.S. at 402-403.

The United States Supreme Court reiterated its holding that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under

§ 2254 on the ground that the prior conviction was unconstitutionally obtained." <u>Lackawanna</u>, 532 U.S. at 403-404.

In the case at hand, Petitioner has delayed 20 years following imposition of judgment and 13 years following enactment of California's Three Strikes law to question his prior conviction. The prior conviction is conclusively valid and not subject to this Court's review more than a decade later.

Furthermore, based on review of the facts, Petitioner does not prevail. In his declaration in support of his petition, Petitioner states he was "informed by counsel and waivers that a plea to the offense coukd [sic] and woukd [sic] be used against [him] in the future as an enhancement under current law," which at the time was an enhancement of "1 to 5 years added to the term prescribed." <u>See</u> Petition, Exhibit A. Petitioner's argument that the alleged breach renders his current sentence unconstitutional must fail. "[W]hen a plea agreement rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." <u>Santobello v. New York</u>, 404 U.S. 257, 22 (1971). Here, there is no indication that any promise *not* to use the 1987 conviction was made during the plea negotiations, nor does Petitioner make any such allegation. Indeed, Petitioner's own declaration shows he was informed the conviction could and would be used in the future. Accordingly, as there is no basis for finding that a promise not to use the 1987 plea in the future was part of the agreement, the agreement was not violated by virtue of the current enhancement. Moreover, the sentence imposed under the Three Strikes law is not additional punishment for the prior convictions, but rather a stiffened penalty for the latest crimes. <u>See</u> <u>Monge v. California</u>, 524 U.S. 721, 728 (1998).

To the extent that Petitioner alleges the court failed to inform him of the possibility the conviction could later be used to enhance a sentence, his claim must also fail. Petitioner concedes he was informed it could and would be later used. In addition, there is no due process violation where a trial court fails to inform the defendant of *collateral* consequences, such as the potential for enhancement in the future. <u>United States v. Garrett</u>, 680 F.2d 64, 65-66 (9th Cir. 1982). Due process requires that a defendant be informed of all the *direct* consequences of a guilty plea. <u>Brady v. United States</u>, 397 U.S. 742, 749 (1970).

Thus, the use of the 1987 conviction to enhance the current sentence does not violate due

process.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED:

1) Ground Eight of the petition be DENIED WITH PREJUDICE; and

2) Petitioner's motion for discovery be DISMISSED as moot.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 16, 2008**                            /s/ Sandra M. Snyder
                                                        UNITED STATES MAGISTRATE JUDGE